CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 20 2011

JULIA C. DUDLEY, CLERK
BY:
    DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **BOBBY D. BRADSHAW, JR.** | CIVIL ACTION NO. 7:11CV00240 |
| **Plaintiff,** | |
| | **MEMORANDUM OPINION** |
| vs. | |
| **NEW RIVER VALLEY REGIONAL JAIL, ET AL.,** | By: Samuel G. Wilson |
| | United States District Judge |
| **Defendants.** | |

Plaintiff, Bobby D. Bradshaw, a Virginia inmate proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983, alleging that the defendants failed to provide him with adequate medical care, have denied him certain Department of Corrections programs available to Department of Corrections inmates at other facilities and have improperly charged him for medication. The court finds that Bradshaw's complaint, with amendments, fails to state a claim against the defendants he has named, New River Valley Regional Jail ("NRVRJ"), the Virginia Department of Corrections ("VDOC") and Gerald McPeak, and therefore dismisses the action without prejudice pursuant to 28 U.S.C. § 1915A.

In his initial complaint Bradshaw named as defendants NRVRJ and VDOC. On May 26, 2011, the court conditionally filed Bradshaw's claim but required him to, among other things, amend his complaint to identify defendants and to particularize his claims against each defendant, including the specific nature of his mental illness, requests he has made for mental health treatment and responses received, and specific actions or omissions by each defendant in violation of plaintiff's constitutional rights. In response, Bradshaw filed a letter with additional evidence which the court construes as a motion to amend his complaint and grants. (Dkt. No. 7).

Bradshaw's complaint, as amended, names Gerald McPeak as a defendant and adds details to the claims.

The court must dismiss any action or claim filed by a prisoner against a governmental entity or official if the court determines that the action or claim is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). To state a cause of action under § 1983, a plaintiff must allege facts indicating that plaintiff has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). "Local governing bodies . . . can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." Monell v. New York City Dept, of Social Services, 436 U.S. 658, 690 (1978). To prove that a governmental entity, such as a local jail, is liable for constitutional violations committed by its employees, plaintiff must show that the entity's policy was "the moving force of the constitutional violation." Polk County v. Dodson, 454 U.S. 312, 326 (1981). Here, Bradshaw fails to link any policy of the NRVRJ, a local jail, to any of that defendant's alleged acts. Accordingly, the court will dismiss the claims against NRVRJ under § 1915A for failure to state a claim upon which relief may be granted. Likewise, as the VDOC is not a "person" subject to suit under § 1983, plaintiff cannot maintain his action against this defendant. McCoy v. Chesapeake Correctional Center. 788 F. Supp. 890 (E.D. Va. 1992). Therefore, the court will dismiss the claims against VDOC under § 1915A for failure to state a claim upon which relief may be granted.

2

Further, Bradshaw fails to state any claim against defendant Gerald McPeak. The court gave Bradshaw an opportunity to amend his complaint to particularize the facts concerning the conduct of each defendant that violated his rights. Despite amending his complaint, Bradshaw failed to allege any facts concerning Mr. McPeak's actions and therefore cannot maintain this action against him.

To the extent that Bradshaw alleges a claim based upon the doctrine of respondeat superior against defendant McPeak, it fails. A claim of supervisory liability related to a medical treatment claim is not appropriate absent an allegation that the supervisor was personally connected to the treatment received. Vinnedge v. Gibbs, 550 F.2d 926 (4th Cir. 1977). This entails a showing that the supervisor failed to promptly provide an inmate with needed medical care, deliberately interfered with a prison physician's performance, and/or tacitly authorized or was indifferent to a prison physician's constitutional violation. Miltier v. Beorn, 896 F.2d 848, 854 (1990). Moreover, supervisory officials are entitled to rely on medical judgments made by prison physicians. Id. at 854-55. As Bradshaw has failed to allege any specific facts demonstrating McPeak was personally involved in the medical care Bradshaw received, McPeak cannot be liable under the doctrine of respondeat superior.

Bradshaw claims that defendants have not provided him with the same treatment that other Department of Corrections inmates receive because certain programs are not available at the NRVRJ facility. He states he does not have access to various recreation programs, such as weight lifting and horseshoes, among other things. He also states that his mental health medication should be free because he is a Department of Corrections inmate. To the extent Bradshaw's allegations can be construed as an equal protection claim because he is not afforded the same privileges and rights as other Department of Corrections inmates, it fails. "To succeed

3

on an equal protection claim, a plaintiff must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001). Once this showing is made, the court proceeds to determine whether the disparity in treatment can be justified under the requisite level of scrutiny. Id. However, vague and conclusory allegations are insufficient to raise an equal protection claim. Pedraza v. Meyer, 919 F.2d 317, 318 n.1 (5th Cir. 1990) (per curiam); Chapman v. Reynolds, 378 F. Supp. 1137 (W.D. Va. 1974). In this case, Bradshaw fails to allege, much less demonstrate, either of the Morrison requirements, and thus, he has failed to state a cognizable equal protection claim. Further, prisoners do not have a constitutional right to be confined in a particular prison. Hewitt v. Helms, 459 U.S. 460, 468 (1983) overruled in part by Sandin v. Conner, 515 U.S. 472 (1995).

For the stated reasons, the court will grant Bradshaw's motions to amend his complaint and will dismiss his claims against all defendants without prejudice and the action will be stricken from the active docket.

The clerk will send a copy of this order and the accompanying memorandum opinion to plaintiff.

**ENTER**: This 20th day of June, 2011.

United States District Judge